JOHN S. ALLEN, plaintiff in error, *vs.* SUSAN L. JONES, defendant in error.

The verdict of the jury in this case does full justice to the parties, and although the charge of the court is objectionable, yet we are of the opinion that there was no abuse of discretion in the refusal of the court below to grant a new trial.

New trial.   Before Judge KIDDOO.   Schley Superior Court. April Term, 1873.

Susan L. Jones sued out a distress warrant against John S. Allen, for the sum of $238 51, besides interest, for rent. The usual counter-affidavit was filed and bond given.

Upon the trial of the issue thus formed substantially the following evidence was introduced:

T. B. Myres, sworn : Witness, as the agent of the plaintiff, rented a small farm in Schley county to the defendant for the year 1870, for five bales of cotton.   The defendant remained on the place during the year 1871, without any special contract.   Witness, in the fall of the latter year, agreed with defendant upon four bales of cotton as the rent for said year. He was to be allowed pay for all repairs and improvements placed on the farm during both years; these did not amount to exceeding $50 00 in value.

The defendant testified that there was no special contract for the rent for either of the years 1870 or 1871, in which he was corroborated by his son, Bob Allen, who was present during the conversation between his father and Myres, as the agent of the plaintiff, at which the rent contract for the year 1870 is alleged to have been made.   The defendant further stated that he rented the place from plaintiff's agent without any contract, except that he was to pay reasonable rent therefor; he to be allowed reasonable pay for all repairs and improvements; that he remained for the two years without any other agreement, and made repairs and improvements to the amount of $265 00; that the place was in bad repair when he took possession thereof; that he greatly increased its value by the labor expended thereon.   He denied fixing the rent in the fall of 1871 with Myres, for that year, at four bales of cotton.   In this last statement he was corroborated by his wife.

Myres and Glover both testified that they did not think the improvements worth more than $50 00.

Cotton was proved to have been worth in 1870 thirteen

and a half cents, and in 1871 sixteen cents per pound. Payments were shown to have been made by the defendant during the year 1870, amounting to $113 00; also that Myres agreed to allow defendant $75 00 for repairs and improvements made during the year 1870, and one bale of cotton for those made in 1871.

The jury returned a verdict for the plaintiff for $238 51. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to the evidence.

2d. Because the court erred in charging the jury as follows: "If you believe from the evidence that no contract or agreement fixing the amount of rent was made, then if defendant used or occupied the plaintiff's place, he would be liable for such rent as the place was reasonably worth."

3d. Because the court erred in charging as follows: "Ordinarily a landlord must keep the premises in such repair as to make them tenantable and fit for use, and is liable for all substantial improvements placed upon them by his consent. Ascertain from the evidence what were the necessary repairs, and if any substantial improvements were made, and whether they were by consent of the landlord. If there was no agreement as to the rent to be paid, and if you charge the plaintiff with repairs, then he would be entitled to such rent as the place was reasonably worth in its repaired state, and not such as the place was worth unimproved."

4th. Because the court erred in charging as follows: "If the jury believe that Myres and the defendant, in the fall of 1871, had a settlement, and settled these matters in controversy, and fixed a certain balance as due, the plaintiff would be entitled to recover that balance, reduced by any payment made after settlement or agreement."

The motion was overruled, and defendant excepted.

HAWKINS & HAWKINS, for plaintiff in error.

HUDSON & WALL, by C. F. CRISP, for defendant.

Barnett *et al.* *vs.* The Central Line of Boats.

McCay, Judge.

We see nothing in this case to take it out of the rule we have so often announced ; it turns wholly upon the evidence, and it is not such a case as justifies us in interfering. The jury may well have found the verdict they have. The evidence, as we have it, is somewhat confused, but on a fair consideration of it we do not think it wholly fails to sustain the verdict.

Judgment affirmed.